NOT FOR PUBLICATION (Doc. Nos. 18, 19)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| HAROLD LEONARD, | : |
| Plaintiff, | : |
|  | : Civil No. 10-6625 (RBK/JS) |
| v. | : |
|  | : **OPINION** |
| UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This lawsuit for documents pursuant to the Freedom of Information Act ("FOIA") comes before the Court on the motion of the United States Department of the Treasury, Internal Revenue Service ("Defendant" or "IRS") for summary judgment on the claims of Harold Leonard ("Plaintiff"), and Plaintiff's cross-motion for summary judgment. Because Defendant has not submitted necessary information to the Court regarding one of Plaintiff's FOIA requests, and because Defendant failed to timely respond to Plaintiff's other FOIA request, the Court denies without prejudice both Defendant's motion for summary judgment and Plaintiff's cross-motion for summary judgment.

## I. BACKGROUND

Plaintiff has made two FOIA requests to Defendant. First, Plaintiff has requested "any and all IRS Form 211 and IRS Form 211A filed by anyone, bearing my name (Harold L. Leonard) and/or my social security number . . . , for tax years 1997 through 2009." Letter from

1

Harold L. Leonard to Internal Revenue Service, Disclosure Office 2 (Aug. 2, 2010), Am. Compl., Ex. A ("211/211A Request Letter").  The IRS identifies Forms 211 and 211A as its "whistleblower" forms, which are "used to submit original information to the Service and claim an award if the information leads to taxes being collected."  Def.'s Br. in Support of Summ. J. ("Def.'s Br."), 1.  Finding that exemptions under 5 U.S.C. § 552(b)(3), (b)(7)(A), (b)(7)(C), or (b)(7)(D) applied to Plaintiff's FOIA request, Defendant denied the request on August 31, 2010.[1]  Letter from Rhonda O'Reilly, Disclosure Manager, to Dr. Harold L. Leonard (Aug. 31, 2010), Am. Compl., Ex. E.  Plaintiff appealed the denial of his request.  Letter from Harold Leonard to IRS Appeals, FOIA Appeals (Nov. 3, 2010), Am. Compl., Ex. G.  Defendant responded that the Plaintiff failed to appeal within the 35 days provided by the governing regulations, and accordingly Plaintiff's appeal was untimely and could not be considered.  Letter from Dale Medsker, Appeals Team Manager to Harold L. Leonard (Dec. 7, 2010), Am. Compl., Ex. H; see also 26 C.F.R. § 601.702(c)(10)(i) ("The requester may submit an administrative appeal to the Commissioner of Internal Revenue by letter that is postmarked within 35 days after the later of the date of any letter of notification" of the kind provided for in the regulation.).  Plaintiff was advised that he may file a complaint in the United States District Court for the District where he resides.  Id.

Plaintiff has also requested "any and all documents provided to the IRS by anyone (or entity), including but not limited to legal settlements, allegations of income, letters, complaints, etc., bearing my name (Harold L. Leonard) and/or my social security number . . . , for tax years 1999-2009."  Letter from Harold L. Leonard to Internal Revenue Service, Disclosure Office 2 (Aug. 2, 2010), Am. Compl., Ex. B.  Plaintiff sent this more general request on the same date as

---

[1] Defendant now argues that these exemptions apply only to Form 211, and that FOIA exemption (b)(6) applies as well.  Def.'s Br., 1.  As to the 211A Form, Defendant claims that only the (b)(3) exemption and (b)(7)(A) exemptions apply.  Id.

2

his request for the 211 and 211A forms ("211/211A Request").  The individual responsible for processing the claim, Jeanne Willis, mistakenly believed that the second request ("General Request") was a duplicate of the first request, and, as a result, she did not process it.  Decl. Jeanne M. Willis ("Willis Decl."), Disclosure Specialist, at ¶¶ 11-12.  Defendant now argues that the General Request is "imperfect, as it fails to reasonably describe the documents being sought, and thus was not a proper FOIA request."  Def.'s Br., 19; see also Willis Decl. at ¶ 13.

## II.   STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material

facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court.  BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**III.   DISCUSSION**

The Freedom of Information Act generally provides a judicially enforceable right to obtain access to federal agency records, except to the extent that such records, or portions thereof, fall within one of nine exceptions.  See 5 U.S.C. § 552(a)(3); Lame v. U.S. Dep't of Justice, 767 F.2d 66, 68 n.1 (3d Cir. 1985).  An agency to which a FOIA request has been submitted has twenty days to determine whether to comply with a request, and must immediately notify the person making the request of its determination.  5 U.S.C. § 552(a)(6)(A)(i).  The statute provides further that a requester shall be deemed to have exhausted his administrative remedies if the agency fails to comply with either of these deadlines.  5 U.S.C. § 552(a)(6)(C).

**A. Plaintiff's 211/211A Request**

Plaintiff requests any 211 or 211A forms filed with the IRS. As explained above, these "whistleblower" forms are intended to allow individuals to report—and potentially receive a reward for reporting—suspected tax violations by others. Plaintiff seeks access to those reports "as a result of persistent harassment by [his] estranged wife of 13-years," whom he believes "has been provoking the IRS to falsely pursue [him] for the past ten years for her own financial gain and spite." 211/211A Request Letter.

When an agency receives a request for information, the FOIA requires the agency to conduct a "reasonable search" for records that might be responsive to the request. See Abdelfattah v. United States Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007). The Third Circuit has held that "[t]he relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Id. (quoting Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In this case, Defendant indicates, through the Affidavit of Robert T. Wearing, Senior Technician and Reviewer in the Office of the Chief Counsel for the IRS, that his office provided the Whistleblower Office with a copy of Plaintiff's request, and determined where any Forms 211 or 211A could be found. Wearing Decl., Def.'s Br., ¶¶ 5-6. Once the request Form 211A was referred to the proper divisions in the proper locations by Mary Ellen Keys, an attorney under Mr. Wearing's supervision, those divisions conducted a comprehensive search of their files. Id. at ¶¶ 10-13. Ms. Keys then confirmed the results of that search by initiating a review of the results with the Disclosure Office. Id. at ¶ 14. Another individual under Mr. Wearing's supervision, Nancy A. Burcham, performed the necessary search for any Forms 211. Id. at ¶ 15. Ms. Burcham searched the inventory system of the Whistleblower Office for Plaintiff's name

and social security number, searched the Informant Claims Examination Unit, searched systems containing the Whistleblower Office's historical data, and reviewed the IRS's Integrated Data Retrieval System. Id. ¶¶ 16-19. Mr. Wearing concluded that the IRS "executed a thorough and reasonable search for any Forms 211 and Forms 211A that may have been filed with respected to plaintiff." Id. at 20. The Court agrees.

Plaintiff argues that Mr. Wearing's affidavit should not be considered, since Mr. Wearing did not perform the search himself, and therefore cannot attest to its procedures. Pl.'s Br., 3-4. However, Mr. Wearing's Declaration avers that he supervised the above searches. Moreover, Defendant has now supplied affidavits from both Ms. Keys and Ms. Burcham, confirming the searches described in Mr. Wearing's Declaration. See Keys Decl. and Burcham Decl., Def.'s Reply Br. Accordingly, as to Plaintiff's 211/211A Request, the Court finds that the Wearing, Keys, and Burcham Declarations satisfy the requirement that, "[t]o demonstrate the adequacy of its search, the agency should provide a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Abdelfattah, 448 F.3d at 182 (internal quotation omitted).

Having conducted the above reasonable search, Defendant presents a "Glomar response" in reply to Plaintiff's request for information—that is, Defendant neither confirms nor denies the existence of responsive documents.[2] Defendant further claims that, were any responsive documents to exist, they would fall under one of the FOIA exemptions. In general, where an agency invokes an exemption to the FOIA, the agency "must provide a detailed public

---

[2] The term "Glomar response" refers to the Hughes Glomar Explorer, "a large vessel publicly listed as a research ship," which reporters suspected was actually owned and operated by the United States. Phillippi v. Central Intelligence Agency, 546 F.2d 1009, 1011 (D.C. Cir. 1976). The Glomar Explorer became the subject of a FOIA request in Phillippi v. CIA, wherein news organizations sought information related to an allegedly secret operation by the United States government. Id. In Phillippi, the CIA asserted that it could not admit or deny the existence of documents related to the Glomar Explorer.

6

justification for its claims of exemption." Lame v. United States Dep't of Justice, 654 F.2d 917, 921 (3d Cir. 1981). Moreover, "[t]his justification must be accompanied by an index that 'would correlate statements made in the Government's refusal justification with the actual portions of the document.'" Id. (quoting Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973). This is generally referred to as a "Vaughn index."

      Here, having proffered its Glomar response, Defendant has not submitted a Vaughn index. Plaintiff argues that this is in violation of the FOIA. Defendant asserts that exemption (b)(3) exempts from disclosure any matters that are "specifically exempted from disclosure by statute" (other than the FOIA itself). 5 U.S.C. § 552(b)(3). Defendant cites 26 U.S.C. § 6103(e)(7) as the statute triggering FOIA's (b)(3) exemption and thus prohibiting disclosure. That statute provides that tax "[r]eturn information with respect to any taxpayer may be open to inspection by or disclosure . . . if the Secretary determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7). "Return information" includes "whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability . . . ." 26 U.S.C. § 6103(b)(2)(A). Therefore, Defendant argues, "even the mere fact of the existence of the Forms 211 and 211A falls within a FOIA exemption," because providing Plaintiff with those forms—if they exist—would be informing Plaintiff that he may be under investigation by the IRS, and therefore would constitute "return information" in the meaning of Section 6103(e)(7). Def.'s Br., 8; see also Wearing Decl., ¶ 21.

7

The Third Circuit has acknowledged that, where a Glomar response is appropriate, a Vaughn index does not need to be produced: "In an unusual case the agency may not be able to provide the detailed index which Vaughn requires because such an index could reveal the very information that the agency claims is protected from disclosure." Lame, 654 F.2d at 921. Even in such an "unusual case," however, "[t]he agency . . . must still provide a 'public affidavit explaining in as much detail as possible' the basis for the claimed exemption." Id. This "will alert the requester and the court to the bases on which the government is resisting disclosure so that, at the least, the government's theory may be contested by the requester." Id. at 922. In this case, the Wearing Declaration in concert with Defendant's brief may be considered sufficient to meet the minimal requirements of public description for a case invoking a Glomar response. However, the Third Circuit has also held that, regardless of whether invocation of Glomar is proper, "the district court must have furnished to it, in whatever form, public or private, all of the detailed justifications advanced by the government for non-disclosure. The government must also give the court an opportunity to review all the materials which the government claims to be exempt, even though the decision whether to inspect these materials remains with the district court." Id.

In this case, Defendant has failed to give this Court the opportunity to review the materials—if they exist—that Defendant claims are exempt. Moreover, and more importantly, the Court finds that this case is not so "exceptional" that the defendant government agency requires the secrecy a Glomar response provides. Lame, 654 F.2d at 922. Though Plaintiff overstates the point in arguing that "Glomar responses are typically utilized by the Central Intelligence Agency to avoid disclosing national secrets," it does appear that the Glomar response is more often used in cases involving national issues generally touching important

8

security concerns (like the Phillippi case itself).  Pl.'s Br. in Opposition to Summ. J. ("Pl.'s Br. Opp."), 6.  For example, Defendant cites Wolf v. CIA for the very broad proposition that a Glomar response is permitted any time "even confirming or denying the existence of the records would itself 'cause harm cognizable under an [sic] FOIA exception.'"  Def.'s Reply Br., 4 (quoting Wolf v. CIA, 473 F.3d 370, 374 (D.C. Cir. 2007).  However, Wolf itself reads "the CIA may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an [sic] FOIA exception."  Wolf, 473 F.3d at 374 (internal quotation marks omitted) (emphasis added).

      The Glomar response has also been invoked in non-CIA matters as well—specifically, where information speaking to the existence of an investigation would compromise the investigation.  See, e.g., Lewis v. United States DOJ, 733 F. Supp. 2d 97, 113 (D.D.C. 2010) (finding that a Glomar response was appropriate because, "[i]f the DEA were to confirm the existence of investigative records pertaining to [the] Special Agents [in question] . . ., the DEA necessarily reveals the information its Glomar response was appropriate").  In the case at bar, the Court does not find that Defendant has shown that the mere existence of whistleblower forms filed about Plaintiff would lead to the necessary conclusion that an IRS investigation has been undertaken against him.  Moreover, Plaintiff's FOIA request itself explains that Plaintiff believes his estranged wife "has been provoking the IRS to falsely pursue [him] for the past ten years," 211/211A Request Letter; accordingly, it is not clear that disclosure of the existence of Forms 211 and 211A will offer Plaintiff any further incentive "to alter or destroy evidence" than he already has.  Wearing Decl., ¶ 21.  Finally, Defendant does not offer any examples of cases wherein a Glomar response has been utilized by the IRS to address a FOIA request for Forms 211 and 211A—or any other kind of request to the IRS.  Given that cases necessitating a Glomar

response have been deemed "exceptional" by the Third Circuit, this Court does not find that a Glomar response is necessary here, and will not expand the use of the response to this case.

Of course, if 211 or 211A Forms exist, they may very well be outside of the FOIA's disclosure mandate as a result of the (b)(3) exception, or another one of the FOIA's exemptions. Nevertheless, Defendant's Glomar response is inappropriate. The Court accordingly orders Defendant to submit to the Court a private Vaughn index for in camera review "correlating justifications for non-disclosure with the particular portions of the documents requested"—if, indeed, such documents exist. Lame, 654 F.2d at 922. The Court further orders Defendant to provide to the Court any materials that are responsive to Plaintiff's 211/211A request, so that the Court may, if it deems necessary, review them in camera. See id. ("The government must also give the court an opportunity to review all the materials which the government claims to be exempt, even though the decision whether to inspect these materials remains with the district court."). Id.

### B. Plaintiff's General Request

Plaintiff also submitted a General Request for information to the IRS. A FOIA request must "reasonably describe" the records sought by a party." 5 U.S.C. § 552(a)(3)(A)(i). Federal regulations clarify that a reasonable description provides "reasonably sufficient detail to enable the IRS employees who are familiar with the subject matter of the request to locate the records without placing an unreasonable burden upon the IRS." 26 C.F.R. § 601.702(c)(5)(i). Plaintiff requests "any and all documents provided to the IRS by anyone (or entity), including but not limited to legal settlements, allegations of income, letters, complaints, etc., bearing [his] name" and social security number. General Request. The Court agrees with Defendant that this highly

generalized request, essentially requesting any materials bearing Plaintiff's name or social security number, places an unreasonable burden upon the IRS.

However, the Court cannot agree with Defendant's argument that, because the General Request was improper, Plaintiff has not exhausted his administrative remedies, and the Court lacks jurisdiction over the request. Federal regulations require that, where a requester improperly describes the records being sought, "the requester shall be afforded an opportunity to refine the request," which "may involve a conference with knowledgeable IRS personnel at the discretion of the disclosure officer." 26 C.F.R. § 601.702(c)(5)(i). Further emphasizing Congress's commitment to having the IRS disclose unexempt information to those who request it, the regulations go on to explain that "[t]he reasonable description requirement shall not be used by officers or employees of the Internal Revenue as a device for improperly withholding records from the public." Id.

In this case, not only has Plaintiff has not been offered an opportunity to refine his request, but he also never received a response of any kind from Defendant as to his General Request because his request was inadvertently improperly processed. Accordingly, Defendant did not follow the statutory requirement that "[e]ach agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. 552(a)(6)(A)(i). The statute further explains that if the agency fails to comply with the applicable time limit provisions of this paragraph," the person "making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect

to such request . . . ." Id. Contrary to the Defendant's argument, therefore, Plaintiff must be deemed to have exhausted his administrative remedies.  As required by statute, Defendant must respond to Plaintiff's General Request, and offer Plaintiff an opportunity to refine his request such that it reasonably describes the information being sought.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED** without prejudice.  Plaintiff's cross-motion for summary judgment is also **DENIED** without prejudice.  Defendant is ordered to submit to the Court a Vaughn Index addressing Plaintiff's 211/211A Request, and any responsive materials that may exist, for in camera review.  Defendant is further ordered to respond to Plaintiff's General Request, giving Plaintiff an opportunity to refine his request for information.  An accompanying order shall enter today.


Dated: 3/9/2012                                                                         /s/ Robert B. Kugler
                                                                                             ROBERT B. KUGLER
                                                                                             United States District Judge