**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| _____ | : | |
| HAROLD LEONARD, | : | |
| | : | Civil No. 10-6625 (RBK/JS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| U.S. DEPARTMENT OF THE | : | |
| TREASURY, INTERNAL REVENUE | : | |
| SERVICE | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**KUGLER**, United States District Judge:

This matter arises out of a Freedom of Information Act ("FOIA") request made by Plaintiff Harold Leonard ("Plaintiff") to Defendant United States Department of the Treasury ("Defendant"). Currently before the Court are cross motions for summary judgment on Plaintiff's claims (Doc. Nos. 36, 38). For the reasons stated herein, the Court will deny Plaintiff's motion and will grant Defendant's motion.

This is the second time the Court has had occasion to address the parties' cross motions for summary judgment. *See* Order and Op. Denying Parties' Mots. for S.J. (Doc. Nos. 29-30). The facts relevant to the instant summary judgment motion can be summarized briefly. Plaintiff made two FOIA requests to Defendant. Plaintiff was dissatisfied with the manner in which Defendant responded to the request and thus filed suit in this Court. *See* Am. Compl. ¶¶ 8-9. His dispute over the first request, for "any and all IRS Form 211 and IRS Form 211A filed by

anyone" bearing Plaintiff's name and social security number for tax years 1997 through 2009, was resolved when the Court granted Defendant summary judgment, and will receive no further consideration here. *See* Order Granting Def. Partial S.J. (Doc. No. 32). Plaintiff's second FOIA request was for "any and <u>all documents</u> provided to the IRS by anyone (or entity), including but not limited to legal settlements, allegations of income, letters, complaints, etc., bearing" Plaintiff's name and/or his social security number for tax years 1999 through 2009. Am. Compl., Exh. B (emphasis in original). Defendant initially denied this request as too general in scope. The Court, in its previous opinion, agreed that the request failed to comply with applicable FOIA regulations because it failed to describe the documents sought with "reasonably sufficient detail to enable the IRS employees who are familiar with the subject matter of the request to locate the records without placing an unreasonable burden upon the IRS." Op. denying Parties' Cross Mots. for S.J. 10 (Doc. No. 29) (quoting 26 C.F.R. § 601.702(c)(5)(i)). But rather than dismissing Plaintiff's claim outright, the Court ordered Defendant to provide Plaintiff with an opportunity to refine his request.

Plaintiff did apparently submit a revised FOIA request to Defendant on June 14, 2012. This request enumerated forty-five specific categories of sought documents. Decl. of Mary Ellen Keys, Exh. G ("Keys Decl."). Defendant responded to this request on August 16, 2012. After an initial oversight, Defendant eventually produced 187 pages of material in full. *Id.* ¶¶ 12, 21. Thirty-eight pages were partially withheld pursuant to FOIA exemption (b)(3) and Internal Revenue Code section 6103(a). *Id.*

On February 11, 2013, Plaintiff filed the instant motion for summary judgment (Doc. No. 36). The crux of Plaintiff's motion is that Defendant did not sufficiently establish a basis for its partial redactions of the documents in question. Pl.'s Mot. for S.J. 6. Instead, Plaintiff argues,

Defendant offered only a "conclusory statement [regarding its decision to withhold certain information] in response to Plaintiff's request."  *Id.*

On March 18, 2013, Defendant filed its cross motion for summary judgment (Doc. No. 38).  This submission included two declarations of IRS employees describing in detail the process used to respond to Plaintiff's amended FOIA request.  *See* Keys Decl.; Decl. of Charlene S. Inman ("Inman Decl.").  It also emphasizes that the *only* information withheld from Plaintiff (pursuant to FOIA exemption (b)(3)) were the Taxpayer Identification Numbers of third parties. Keys Decl. ¶ 23.  Plaintiff has not filed any response to Defendant's cross motion and thus has not disputed Defendant's contention that it has "searched all of the sources and databases that might reasonably contain responsive documents [and that it has] taken every reasonable step to locate any responsive documents."  Keys Decl. ¶ 36.

The applicable law strongly supports Defendant's position.  5 U.S.C § 552(b)(3) provides that an agency not disclose information in response to an otherwise valid FOIA request if such information is specifically exempted from disclosure by qualifying statutes.  It is undisputed that Internal Revenue Code section 6103 is such a qualifying statute.  *Grasso v. IRS*, 785 F.2d 70, 77 (3d Cir. 1986).  This Code provision prohibits the disclosure of "third-party tax return information without the authorization of the third party."  *Berger v. IRS*, 487 F. Supp. 2d 482, 495 (D.N.J. 2007).  "Return information" in turn is defined broadly, and refers to, among other things, "a taxpayer's identity."  26 U.S.C. § 6103(b)(2)(A).  And finally, the definition of the term "taxpayer identity" includes a person's "taxpayer identifying number."  *Id.* § 6103(b)(6).

In its brief in support of its cross motion for summary judgment, Defendant contends that "the *only* portions of the documents that were withheld were the taxpayer identification numbers . . . of third parties."  Def.'s Cross Mot. for SJ 19 (citing Keys Decl. ¶¶ 24-25).  Plaintiff has

offered no evidence that he has received authorization from those third parties to receive these numbers. In fact he has offered to response at all that would cast doubt on the appropriateness of Defendant's decision to withhold this personal information. Accordingly, the Court finds that Defendant responded appropriately to Plaintiff's amended FOIA request and it will therefore grant it summary judgment on its motion. Plaintiff's summary judgment motion will likewise be denied. The Court will issue an appropriate order.


Dated:  8/26/2013                       /s/ Robert B. Kugler        
                                                      ROBERT B. KUGLER
                                                      United States District Judge